IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BYRON GRAY<br>Plaintiff<br><br>VS.<br><br>ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY<br>Defendant | DOCKET NUMBER:4:23-cv-152<br><br>SECTION:<br><br>JUDGE<br><br>MAGISTRATE:<br>UNDER TITLE: 1332 Diversity<br>Jurisdiction |

## COMPLAINT FOR DAMAGES

### JURISDICTON AND VENUE

1.      This action is brought under Diversity jurisdiction. There is complete diversity among the parties and the amount in controversy exceeds $75,000.00. Pendant jurisdiction over state law claims is invoked.

2.      Plaintiff, Byron Gray is a person of the full age of majority and is a resident of the State of Fort Bend County Texas:

3.      Defendant, Allstate Fire And Casualty Insurance Company a foreign insurance company authorized to do and doing business in Fort Bend County, State of Texas encompassed within the jurisdiction of the Southern District Texas, who at all times mentioned herein issued separate policies of uninsured and underinsured insurance, personal injury protection and medical payment insurance policies, incorporated by reference and copied in extensio herein, which covered the Plaintiff, Byron Gray for the damages complained of herein.

4.      At all times material here to Allstate Fire and Casualty Insurance Company is jointly, severally and in solido liable unto Petitioner for a reasonable sum in the premises, together with

legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings for the following reasons to wit:

## CAUSE OF ACTION

5.  On or about August 7, 2022, at 12:23 a.m., Byron Gray was the permissive operator of a Red 2017 MKZ Cadillac in a Safe and prudent manner and was stopped facing Southbound on 1200 block of Texas Parkway at its intersection with 1500 Buffalo Run in the City of Stafford, Fort Bend County, State of Texas.

6.  At the approximately the same time and place Ms. Brenda Stoneham was operating a White 2017 Dodge Ram 1500 Pick-up Truck Southbound on Texas Parkway directly behind plaintiff's vehicle at a high rate of speed and in a careless manner.

7.  Suddenly unexpectedly and without warning Ms. Brenda Stoneham struck the rear-end Plaintiff's vehicle at high rate speed causing serious damage to person and property.

8.  Travelers Insurance Company which insured Ms. Brenda Stoneham extended their per person policy limit of $30,003.00 and the underlying liability portion of said Claim 270PPIYV5843K exhausted on October 19, 2022.

9.  Thereafter Byron Gray hereby demanded the per person Policy Limits under the Underinsured Motorist (UM) Provision and the Personal Injury Protection (PIP) Provision of Allstate Fire and Casualty Insurance Company's policy provision to no avail.

10. Defendant, Allstate Fire and Casualty Insurance Company's refused to honor said provisions and failed to properly adjust and evaluate said claim and therefore said claim was denied.

## COUNT 1 – BREACH OF CONTRACT AND BAD FAITH

Plaintiff re-alleges paragraphs 1-10

11. Plaintiff are entitled to damages for against the Defendant, Allstate Fire and Casualty Insurance Company.

12. Allstate Fire and Casualty Insurance Company is liable unto Plaintiff for its own negligence and the negligence and is vicariously responsible and liable under the theory of respondeat superior for the negligence of its employees, agents, and servants, which include but are not limited to the following:

a. Breach of Contract;

b. Material Breach of Contract;

c. Failure to pay claims when properly notified;

d. Failure to timely pay claims;

e. Breach of duty of Good Faith and Fair Dealing

f. Anticipatory repudiation;

g. Bad faith adjusting of claims;

h. unlawful denial of claims;

i. unfair trade practices, and;

j. Any and all other acts or omissions which might be shown at the time of this trial.

## DAMAGES

13. As a result of the aforementioned incident, Plaintiff' suffered severe injuries to their persons and property. Plaintiff is entitled to an amount of damages reasonably calculated to compensate her for their injuries she sustained but are not limited to:

1. Past, present and future mental pain, suffering and anguish;

2. Past, present and future physical pain and suffering and loss of function;

3. Past, present and future medical expenses;

4. Loss of enjoyment of life;

6. Along with pre-filing and post filing interest, attorneys' fees and court cost; and

7. Any and all other damages cognizable by the Constitution of the State of Texas and the United States Constitution.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Byron Gray asks that Allstate Fire And Casualty Insurance Company's, be duly cited and served with a copy of same, to appear and answer same and that a declaratory judgment granted in favor of, and after all legal delays and due proceedings are had that there be judgment in favor of Plaintiff, Byron Gray and against the Defendant, Allstate Fire And Casualty Insurance Company's stating that said insurer is in Breach of Contract for failing to properly adjust the underlying claim and pay upon notification that the tortfeasors underlying liability policy has been exhausted and to compensate Plaintiff, Byron Gray in an amount reasonably calculated to compensate Plaintiff for her damages, together with legal interest, from date of judicial demand until paid reasonable attorney's fees, and for all costs of the proceedings and all general and equitable relief this Honorable Court deem necessary.

Respectfully submitted,

DENNIS SPURLING PLLC
ATTORNEYS AT LAW

By  /s/Dennis D. Spurling
_____
DENNIS D. SPURLING
Texas Bar Roll No.: 24053909
Southern District of Texas No.: 718307
3003 South Loop West Suite 400
Houston, Texas 77002
(713) 229 – 0770 telephone
(713) 229 – 8444 Facsimile
ddspurling@dennisspurling.com

4

PLEASE SERVE:

Allstate Fire and Casualty Insurance Company
Though its agent for Service of Process
CT Corporation System
1999 Bryan St., Suite 900
Dallas, Texas 72501 - 3636